**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CEDARVIEW OPPORTUNITIES MASTER FUND, L.P., CETUS CAPITAL III, L.P., CORRIB CAPITAL MANAGEMENT, L.P., LITTLEJOHN OPPORTUNITIES MASTER FUND L.P., RAVENSOURCE FUND, STONEHILL INSTITUTIONAL PARTNERS, L.P., STONEHILL MASTER FUND LTD., STORNOWAY RECOVERY FUND L.P., VSS FUND, L.P., WEST FACE LONG TERM OPPORTUNITIES GLOBAL MASTER L.P., and WOLVERINE FLAGSHIP FUND TRADING LIMITED, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2017-0785-AGB |
| SPANISH BROADCASTING SYSTEM, INC., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION
FOR PARTIAL REARGUMENT**

WHEREAS:

A.   On August 27, 2018, the court issued a memorandum opinion granting in part and denying in part SBS's motion to dismiss the Amended Complaint in its

entirety under Court of Chancery Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim for relief.[1]

B.    Count V of the Amended Complaint seeks a declaratory judgment that Section 10.4 of the Charter, which purports to allow the suspension of all rights of the stockholders of a Delaware corporation, is invalid and unenforceable under Delaware law.[2]

C.    The court denied SBS's motion to dismiss with respect to Count V, holding that Count V is ripe and that plaintiffs stated a claim that Section 10.4 is invalid as applied.[3]

D.    On September 4, 2018, SBS filed a motion for partial reargument under Court of Chancery Rule 59(f) concerning the denial of its motion to dismiss with respect to Count V (the "Motion"), to which plaintiffs filed an answer in opposition on September 11, 2018.[4]

IT IS HEREBY ORDERED, this 27th day of November, 2018, that:

1.    "A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that

---

[1] *See Cedarview Opportunities Master Fund, L.P. v. Spanish Broad. Sys., Inc.*, 2018 WL 4057012 (Del. Ch. Aug. 27, 2018). Capitalized and abbreviated terms not defined herein have the same meaning as in the memorandum opinion.

[2] Amend. Compl. ¶¶ 95-98.

[3] *Cedarview Opportunities*, 2018 WL 4057012, at *20-21.

[4] Dkt. 27, 33.

would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be different."[5] A motion for reargument is not a mechanism to "relitigate claims already considered by the court,"[6] or to make new arguments.[7] SBS thus bears "a heavy burden on a Rule 59 motion."[8]

2.      SBS contends that the court "expressly relied on a single representation of fact (made in briefing and at oral argument) to find that Count V is ripe: Plaintiffs' assertion that SBS rejected a Section 220 books and records demand (the 'Demand') sent by West Face Long Term Opportunities Global Master L.P. ('West Face') on the basis of a suspension of stockholder rights authorized by the Charter's Enforcement Provision" in Section 10.4 of the Charter.[9]

---

[5] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[6] *In re ML/EQ Real Estate P'ship Litig., Consol.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000) (Strine, V.C.).

[7] *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005); *see also inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016) ("A party may not present a new argument for the first time in a motion for reargument. Thus, the argument is waived, and the motion for reargument is denied."); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) (argument not raised at any point before motion for reargument waived); *Oliver v. Boston Univ.*, 2006 WL 4782232, at *1 (Del. Ch. Dec. 8, 2006) ("[N]ew arguments that have not previously been raised cannot be considered for reargument.") (internal quotation marks omitted); *Filasky v. Von Schnurbein*, 1992 WL 187619, at *1 (Del. Ch. July 29, 1992) (same).

[8] *ML/EQ*, 2000 WL 364188, at *1.

[9] Motion ¶ 3.

3

3.     According to SBS, this representation was "inaccurate" because, insofar as its rejection of the Demand concerned West Face's potential lack of standing, "the rejection was not on the basis of any suspension of rights pursuant to the Enforcement Provision in Section 10.4 of the Charter" but instead was based on Section 10.5, which provides that any transfer of SBS's stock is ineffective if the transfer would violate the Communications Act or require prior approval of the FCC, including if the transfer results in "alien" ownership of more than 25% of SBS's stock.[10]

4.     The fundamental problem with SBS's Motion is that SBS never argued previously that Section 10.5 of the Charter was the basis for its rejection of the Demand due to a potential lack of standing.[11]  Significantly, furthermore, SBS's rejection of the Demand did not identify Section 10.5 specifically as one of the reasons for the rejection.  The rejection letter instead stated that "West Face's purchase of SBS stock may be invalid *pursuant to Article X* of SBS's" Charter and, if so, "West Face is not an SBS stockholder and lacks standing to demand books and records of the Company."[12]  Article X includes both Section 10.4 and 10.5 and, thus,

---

[10] Motion ¶¶ 4-6.  SBS's rejection of the Demand also purported to be based on West Face's lack of a proper purpose.  *Id.* ¶ 5

[11] *See* Def.'s Opening Br. (Dkt. 13); Def.'s Reply Br. (Dkt. 17); Def.'s Supplemental Br. (Dkt. 24); *Cedarview Opportunities Master Fund, L.P. v. Spanish Broad. Sys., Inc.*, C.A. No. 2017-0785-AGB (Del. Ch. Apr. 12, 2018) (TRANSCRIPT) (Dkt. 25).

[12] Transmittal Aff. of Matthew P. Majarian Ex. 1 at 2 (emphasis added) (Dkt. 27).

4

it was not unreasonable for plaintiffs to infer that SBS's rejection of West Face's Demand was based on Section 10.4 of the Charter.

5.    Because SBS seeks to raise a new argument that it did not previously present to the court, its Motion is improper and must be DENIED.[13]

_____
Chancellor

---

[13] SBS argues that it failed to make the Section 10.5 argument "[i]n reliance on the Court's colloquy with Plaintiffs' counsel at oral argument (wherein counsel conceded that an amendment to the Complaint would be the appropriate means of raising the issue)." Motion ¶ 4 n.2. Actually, plaintiffs' counsel said only that "we would be happy to amend our complaint to add" the claim that SBS "suspended . . . 220 rights." Tr. 109-110 (Dkt. 25). This is hardly a concession that SBS's reasons for rejecting the Demand could be considered only after plaintiffs amended their pleading, which the court did not require. Indeed, SBS failed to identify Section 10.5 even after the court essentially invited SBS's counsel to explain the basis for its rejection of the Demand. Tr. 110 ("I don't know if they're saying – they'll speak for themselves – but I don't know if they're saying they suspended your 220 rights or they just don't think you stated a proper purpose, or whatever, in making your 220 demand.").

5